Cite as: 585 U. S. ____ (2018)    1

Statement of GORSUCH, J.

# SUPREME COURT OF THE UNITED STATES

## E. I. DU PONT DE NEMOURS & CO., ET AL. *v.* BOBBI-JO SMILEY, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 16–1189.   Decided June 28, 2018

The motion of the Cato Institute for leave to file a brief as *amicus curiae* is granted. The motion of Pacific Legal Foundation, et al. for leave to file a brief as *amici curiae* is granted. The petition for a writ of certiorari is denied. JUSTICE ALITO took no part in the consideration or decision of these motions and this petition.

Statement of JUSTICE GORSUCH, with whom THE CHIEF JUSTICE and JUSTICE THOMAS join, respecting the denial of certiorari.

Can an agency advance an interpretation of a statute for the first time in litigation and then demand deference for its view? There is a well-defined circuit split on the question. The Court of Appeals in this case said yes, joining several other circuits who share that view. 839 F. 3d 325, 329, 333–334 (CA3 2016) (case below); *SEC* v. *Rosenthal*, 650 F. 3d 156, 160 (CA2 2011); *TVA* v. *Whitman*, 336 F. 3d 1236, 1250 (CA11 2003); *Dania Beach* v. *FAA*, 628 F. 3d 581, 586–587 (CADC 2010). But "[t]wo circuits, the Sixth and Ninth, expressly deny *Skidmore* deference to agency litigation interpretations, and the Seventh does so implicitly." Hubbard, Comment, Deference to Agency Statutory Interpretations First Advanced in Litigation? The *Chevron* Two-Step and the *Skidmore* Shuffle, 80 U. Chi. L. Rev. 447, 462 (2013) (footnotes omitted); *Smith* v. *Aegon Companies Pension Plan*, 769 F. 3d 922, 929 (CA6 2014); *Alaska* v. *Federal Subsistence Bd.*, 544 F. 3d 1089, 1095 (CA9 2008); *In re UAL Corp. (Pilots' Pension Plan Termination)*,

468 F. 3d 444, 449–450 (CA7 2006).

The issue surely qualifies as an important one. After all, *Skidmore* deference only makes a difference when the court would not otherwise reach the same interpretation as the agency. And a number of scholars and *amici* have raised thoughtful questions about the propriety of affording that kind of deference to agency litigation positions. For example, how are people to know if their conduct is permissible when they act if the agency will only tell them later during litigation? Don't serious equal protection concerns arise when an agency advances an interpretation only in litigation with full view of who would benefit and who would be harmed? Might the practice undermine the Administrative Procedure Act's structure by incentivizing agencies to regulate by *amicus* brief, rather than by rule? Should we be concerned that some agencies (including the one before us) have apparently become particularly aggressive in "attempt[ing] to mold statutory interpretation and establish policy by filing 'friend of the court' briefs in private litigation"? Eisenberg, Regulation by *Amicus*: The Department of Labor's Policy Making in the Courts, 65 Fla. L. Rev. 1223, 1223 (2013); see also, *e.g.,* Hickman & Krueger, In Search of the Modern *Skidmore* Standard, 107 Colum. L. Rev. 1235, 1303 (2007); Pierce, Democratizing the Administrative State, 48 Wm. & Mary L. Rev. 559, 606–607 (2006); Merrill, Judicial Deference to Executive Precedent, 101 Yale L. J. 969, 1010–1011 (1992).

Respectfully, I believe this circuit split and these questions warrant this Court's attention. If not in this case then, hopefully, soon.